In the Matter of the Claims of JEAN MELILLO, Respondent, and ANNETTE MELILLO, Appellant, v. LA SALA CONTRACTING COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals from a decision of the Workmen's Compensation Board, filed May 15, 1970. On July 21, 1966 decedent and a coemployee were engaged in constructing a wooden platform which required carrying 13-foot planks and nailing them in place. During the morning decedent complained to his co-worker that he was not feeling well, whereupon they rested about 10 minutes and then resumed work and continued until lunch time. Decedent went home for lunch, and complained to his mother of having chest pain. A short time later he collapsed and was removed by ambulance to a hospital where he was pronounced dead on arrival. This claim for benefits filed by Jean Melillo, as his widow, was controverted on the issue of causal relation to employment and by Annette Melillo asserting that she is the legal widow. The board found that "the unusual strenuous work activity of decedent in carrying 13 foot planks and continuing to work while afflicted with pains in his chest required greater effort than the ordinary wear and tear of life, precipitated a blockage of the blood vessels and produced an infarction which constitutes an accidental injury arising out of and in the course of employment". The board also found that Jean Melillo was the lawful widow of decedent and entitled to death benefits. Annette Melillo appealed from the board's decision, but having failed to serve or file a brief, she must be considered as having abandoned her appeal. In any event, the record supports the board's finding that Jean Melillo was the legal widow. On direct examination claimant's medical expert testified as to causal relationship based upon acceleration and aggravation by continuing to work subsequent to the onset of the symptomatology, and had he not done this work, he might still be alive. There is substantial medical evidence that decedent would not have died except for the physical exertion of continuing this work after the onset of the attack in the course of employment, thus presenting a question of fact for determination by the board. (*Matter of Pauson* v. *Manger Vanderbilt Hotel,* 7 A D 2d 686, mot. for lv. to app. den. 5 N Y

2d 710; *Matter of Kelpin* v. *Watts & Sons,* 5 A D 2d 722, mot. for lv. to app. den. 4 N Y 2d 675; *Matter of Schutzel* v. *Gelobters Distrs.,* 24 A D 2d 793.) Decision affirmed, with costs to the Workmen's Compensation Board against appellants filing briefs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.